**IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**NAVAJO NATION, a federally recognized
Indian Tribe; NAVAJO NATION HUMAN
RIGHTS COMMISSION; LORENZO
BATES; JONNYE KAIBAH BEGAY;
GLORIA ANN DENNISON; TRACY DEE
RAYMOND; and BESSIE YAZZIE
WERITO,**

**Plaintiffs,**

**v.**                                                              **Case 1:22-cv-00095-SMV-JSR**

**SAN JUAN COUNTY, NEW MEXICO;
SAN JUAN COUNTY BOARD OF
COMMISSIONERS; JOHN BECKSTEAD,
in his official capacity as Chairman; TERRI
FORTNER, in her official capacity as
Commissioner; STEVE LANIER, in his
official capacity as Commissioner;
MICHAEL SULLIVAN, in his official
capacity as Commissioner; GLOJEAN
TODACHEENE, in her official capacity as
Commissioner; and TANYA SHELBY, in
her official capacity as COUNTY CLERK,**

**Defendants.**

**ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants, through counsel SaucedoChavez, P.C. (Christopher T. Saucedo and Brian

Griesmeyer), answer Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint").

**I.   INTRODUCTION**

1.   In responding to paragraph 1 of the Complaint, Defendants specifically admit that "On

December 21, 2021, the San Juan County, New Mexico Board of Commissioners (the 'Board of

Commissioners' or the 'Board') enacted a redistricting plan for San Juan County's Board of

Commissioner districts (the '2021 Redistricting Plan')." Defendants deny the rest of the

allegations, and specifically deny that the 2021 Redistricting Plan "has the effect of diluting the ability of Non-Hispanic American Indian or Alaska Native voters of a single race ("American Indians") to elect candidates of their choice." Defendants affirmatively state that there have been no elections yet under the 2021 Redistricting Plan and that the current 5 districts are constitutional and include 2 American Indian[1] majority-minority districts in proportion to the American Indian Voting Age Population ("VAP") in San Juan County of approximately 40% according to the 2020 Census.

2.  Defendants admit the allegations in paragraph 2 of the Complaint.

3.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint and this statement has the effect of a denial for the purposes of responding to the Complaint.

4.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint and this statement has the effect of a denial for the purposes of responding to the Complaint.

5.  Defendants admit the allegations in paragraph 5 of the Complaint.

6.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint and this statement has the effect of a denial for the purposes of responding to the Complaint.

7.  Defendants deny the allegations in paragraph 7 of the Complaint.

---

[1] Defendants adopt Plaintiffs' choice of terminology for ease of reference and specifically adopt that the balance of Defendants' Answer and Affirmative Defenses "will refer to the Non-Hispanic American Indian or Alaska Native population in San Juan County as 'American Indian' because the population is overwhelmingly comprised of citizens of the Navajo Nation. Similarly, all references will be to 'American Indians' of a single race unless otherwise stated." *See* Compl. ¶ 1 fn.1.

8.    In responding to paragraph 8 of the Complaint, Defendants specifically admit that under the prior district map, in effect from 2011 until the adoption of the 2021 Redistricting Plan, Defendant GloJean Todacheene has been the elected commissioner for District 1, and under that prior map, District 1 did have an American Indian VAP of more than 80 percent. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint and this statement has the effect of a denial for the purposes of responding to the Complaint.

9.    Defendants deny the allegations in paragraph 9 of the Complaint, and specifically deny that the 2021 Redistricting Plan unlawfully dilutes American Indian votes. Defendants affirmatively state that the prior district map, in effect from 2011 until the adoption of the 2021 Redistricting Plan, governed the districts during the elections held in 2014 and 2018.

10.   Defendants specifically deny the allegations in paragraph 10 of the Complaint to the extent that they imply the 2021 Redistricting Plan does not create two American Indian majority-minority districts, one of which is District 2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint and this statement has the effect of a denial for the purposes of responding to the Complaint.

11.   Defendants deny the allegations in paragraph 11 of the Complaint.

12.   Defendants affirmatively state that paragraph 12 of the Complaint contains requests for relief that do not require a responsive pleading and those allegations are considered denied or avoided.

## II.   PARTIES

### a.  The Plaintiffs

13.  In responding to paragraph 13 of the Complaint, Defendants specifically admit that "Plaintiff NAVAJO NATION is a federally recognized Indian tribe whose reservation and off-reservation trust lands are located in the states of New Mexico, Arizona, and Utah" and that "Citizens of the NAVAJO NATION include U.S. citizens who are registered to vote or are eligible to register to vote in San Juan County, New Mexico for federal, state and local elections." Defendants specifically deny that "The voting strength of citizens of the NAVAJO NATION is diluted" under the 2021 Redistricting Plan and that there are any "Section 2 violations." Defendants affirmatively state that paragraph 13 of the Complaint contains legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of the Complaint and this statement has the effect of a denial for the purposes of responding to the Complaint.

14.  In responding to paragraph 14 of the Complaint, Defendants specifically deny that "The voting strength of citizens of the Navajo Nation is diluted" under the 2021 Redistricting Plan and that there are any "Section 2 violations." Defendants affirmatively state that paragraph 14 of the Complaint contains legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint and this statement has the effect of a denial for the purposes of responding to the Complaint.

15.   In responding to paragraph 15 of the Complaint, Defendants specifically admit that Plaintiff Lorenzo Bates "was a candidate in 2018 in the general election for Commissioner District 2 under the districting plan in effect before the adoption of the 2021 Redistricting Plan (the 'Previous Plan')." Defendants specifically deny that "He was supported by the majority of American Indian voters but nevertheless was defeated by the Non-Hispanic White candidate as a result of Non-Hispanic White bloc voting against him" to the extent that this allegation is inconsistent with the affirmative fact that he received fewer votes that the other American Indian candidate who ran in District 2 in 2018 during the same election, and their combined votes were higher than the Non-Hispanic White candidate. Defendants further specifically deny that there is any "violation of Section 2 of the Voting Rights (sic)" and deny that under the 2021 Redistricting Plan "he and other American Indian voters in District 2 do not have an equal opportunity to elect candidates of their choice." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 of the Complaint.

16.   In responding to paragraph 16 of the Complaint, Defendants specifically deny that there is any "violation of Section 2 of the Voting Rights (sic)" and deny that Dr. Jonnye Kaibah Begay "and other American Indian voters in District 1 have had their voting power diminished because of the packing of American Indian voters into the district" under the 2021 Redistricting Plan. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 of the Complaint.

17.   In responding to paragraph 17 of the Complaint, Defendants specifically deny that there is any "violation of Section 2 of the Voting Rights (sic)" and deny that Gloria Ann Dennison "and other American Indian voters in District 2 do not have an equal opportunity to elect candidates of their choice" under the 2021 Redistricting Plan. Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 of the Complaint.

18.   In responding to paragraph 18 of the Complaint, Defendants specifically deny that there is any "violation of Section 2 of the Voting Rights (sic)" and deny that Tracy Dee Raymond "and other American Indian voters in District 1 have had their voting power diminished because of the packing of American Indian voters into the district" under the 2021 Redistricting Plan. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of the Complaint.

19.   In responding to paragraph 19 of the Complaint, Defendants specifically deny that there is any "violation of Section 2 of the Voting Rights (sic)" and deny that Bessie Yazzie Werito "and other American Indian voters in District 2 do not have an equal opportunity to elect candidates of their choice" under the 2021 Redistricting Plan. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the Complaint.

### b.  The Defendants

20.   In responding to paragraph 20 of the Complaint, Defendants specifically admit that San Juan County is a geographical and political subdivision of the State of New Mexico, located within the District of New Mexico, but denies that it is a properly named pursuant to NMSA 1978, § 4-46-1, which requires "In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of . . . . . . . . . ." Defendants affirmatively state that the remaining allegations state legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. To the extent that the remaining allegations are factual, Defendants lack knowledge

or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20 of the Complaint.

21.   Defendants admit the allegations in paragraph 21, but to the extent that the allegations state legal conclusions requiring no responsive pleading, those allegations are considered denied or avoided.

22.   Defendants admit the allegations in paragraph 22 of the Complaint.

23.   In responding to paragraph 23 of the Complaint, Defendants specifically admit that Tanya Shelby is the San Juan Clerk ("the "County Clerk"), who serves as an *ex-officio* member of the Board, and who is the Chief Elections Officer for San Juan County. Defendants affirmatively state the remaining allegations state legal conclusions that require no responsive pleading and are considered denied or avoided. To the extent that the remaining allegations are factual, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23 of the Complaint.

## III.   JURISDICTION

24.   Defendants affirmatively state that paragraph 24 of the Complaint states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided.

25.   Defendants affirmatively state that paragraph 25 of the Complaint states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided.

26.   Defendants affirmatively state that paragraph 26 of the Complaint states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided.

27.   Defendants affirmatively state that paragraph 27 of the Complaint states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided.

## IV.   FACTUAL BACKGROUND

28.   Defendants affirmatively state that paragraph 28 of the Complaint states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. Defendants further state that Section 2 of the Voting Rights Act, 52 U.S.C. § 10301(a) speaks for itself.

29.   In responding to paragraph 29 of the Complaint, Defendants specifically admit that according to the 2020 Census, American Indians comprise 39.8% of the total population and 38.7% of the VAP in San Juan County, New Mexico. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of the Complaint.

30.   In responding to paragraph 30 of the Complaint, Defendants specifically admit that the 2021 Redistricting Plan created five total districts and two American Indian majority-minority districts in proportion to the American Indian population within San Juan County. Defendants deny the remaining allegations in paragraph 30 of the Complaint.

31.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint. Defendants further state that the U.S. Census Bureau, 2015 ACS 5-Year Estimates Data Profiles, table B01003 speaks for itself.

32.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint. Defendants further state that the U.S. Census Bureau, 2015 ACS 5-Year Estimates Data Profiles, table B01003 speaks for itself.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

**a. San Juan County Demographics**

34. Defendants admit the allegations in paragraph 34 of the Complaint.

35. Defendants admit the allegations in paragraph 35 of the Complaint.

36. In responding to paragraph 36 of the Complaint, Defendants specifically admit that San Juan County's population according to the 2020 Census has declined when compared to the 2010 Census. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 of the Complaint.

37. Defendants admit the allegations in paragraph 37 of the Complaint to the extent that they are consistent with the 2010 Census and the 2020 Census and deny to the extent they are not.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint.

39. Defendants admit the allegations in paragraph 39 of the Complaint to the extent that they are consistent with the 2020 Census and deny to the extent they are not.

40. Defendants admit the allegations in paragraph 40 of the Complaint to the extent that they are consistent with the 2020 Census and deny to the extent they are not.

41. Defendants admit the allegations in paragraph 41 of the Complaint to the extent that they are consistent with the 2020 Census and deny to the extent they are not.

42. Defendants admit the allegations in paragraph 42 of the Complaint to the extent that they are consistent with the 2020 Census and deny to the extent they are not.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint, and specifically the data forming Figure 2.

44.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint, and specifically the data forming Figure 2.

45.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint, and specifically the data forming Figure 2.

46.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint, and specifically the data forming Figure 2.

 **b. The San Juan County Board of Commissioners and its Enactment of the 2021 Redistricting Plan**

47.   Defendants admit the allegations in paragraph 47 of the Complaint and that the New Mexico Constitution and New Mexico Statutes speak for themselves.

48.   Defendants admit the allegations in paragraph 48 of the Complaint and that the New Mexico Constitution speaks for itself.

49.   Defendants admit the allegations in paragraph 49 of the Complaint and that the Office of the N.M. Sect'y of State, 2022 Candidate Information Guide 20 (ver. 1.5 published Jan. 14, 2022) speaks for itself.

50.   Defendants admit the allegations in paragraph 50 of the Complaint and state that the New Mexico Constitution and New Mexico Statutes speak for themselves, but clarify that N.M. Stat. Ann. § 4-38-3 controls the residence of county commissioners, not § 4-38-6.

51.   In responding to paragraph 51 of the Complaint, Defendants admit that the Board of Commissioners elections are partisan and admit that there are primary elections for the democrat and republican parties. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51 of the Complaint.

52.   Defendants admit the allegations in paragraph 52 of the Complaint and that the New Mexico Constitution speaks for itself.

53.   Defendants admit the allegations in paragraph 53 of the Complaint and that the New Mexico Constitution speaks for itself.

54.   Defendants admit the allegations in paragraph 54 of the Complaint and that the New Mexico Statutes speak for themselves, but clarify N.M. Stat. Ann. § 4-38-3 contains the quoted language, not § 4-38-6.

55.   Defendants admit the allegations in paragraph 55 of the Complaint and that the New Mexico Constitution and New Mexico Statutes speak for themselves, but clarify that N.M. Stat. Ann. § 4-38-3 states "districts shall be as equal in population as possible," not § 4-38-6.

56.   Defendants admit the allegations in paragraph 56 of the Complaint and that the Board Meeting Minutes speak for themselves.

57.   Defendants admit the allegations in paragraph 57 of the Complaint and that the Board Meeting Minutes speak for themselves.

58.   Defendants admit the allegations in paragraph 58 of the Complaint.

59.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Complaint. Defendants further state the Board Meeting Minutes speak for themselves.

60.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Complaint, but affirmatively state that the 2021 Redistricting Plan "does not split any precincts."

61.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of the Complaint, but affirmatively state that in the 2021 Redistricting Plan "All precincts are contiguous with one another" and the "five single-member districts . . .  are reasonably compact."

62.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Complaint, but affirmatively state that population deviations for each district in the 2021 Redistricting Plan fall within the Board's guidelines of five percent of less.

63.   In answering paragraph 63 of the Complaint, Defendants specifically deny the allegations that "the NNHRC Proposed Plan preserved Navajo communities of interest" and deny that it would have "more evenly distributed the American Indian population." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 63 of the Complaint.

64.   Defendants deny the allegations in paragraph 64 of the Complaint to the extent that the allegation characterizes the district shapes as "irregularly shaped." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64 of the Complaint

65.   Defendants deny the allegations in paragraph 65 of the Complaint.

66.   In responding to paragraph 66 of the Complaint, Defendants specifically admit that "the population deviations for each district in the 2021 Redistricting Plan fall within the Board's guidelines of five percent or less" and admit that "District 1 has the largest population deviation [of] -4.27 percent." Defendants deny the remaining allegations.

67.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the Complaint.

68.   In responding to paragraph 68 of the Complaint, Defendants deny that "the 2021 Redistricting Plan packs American Indian voters into the much more irregularly shaped District 1, resulting in reduced compactness for Districts 1, 2, and 5." Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 68 of the Complaint.

69.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of the Complaint.

70.  In responding to paragraph 70 of the Complaint, Defendants specifically deny that "American Indian VAP is packed into District 1" in the 2021 Redistricting Plan. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 70 of the Complaint.

71.  In responding to paragraph 71 of the Complaint, Defendants specifically deny that the 2021 Redistricting Plan "dilut[es] the ability of American Indian voters to elect their candidate of choice." Defendants further affirmatively state that the NNHRC Proposed Plan also pulls in more Non-Hispanic White voters from the Farmington and La Plata areas into District 1 to meet the equal population requirements. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 of the Complaint.

72.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of the Complaint and state the Board's meeting minutes speak for themselves.

73.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of the Complaint and state the Board's meeting minutes speak for themselves.

74.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Complaint and state the Board's meeting minutes speak for themselves.

75.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of the Complaint.

76.   Defendants admit the allegations in paragraph 76 of the Complaint and state the Board's meeting minutes speak for themselves.

77.   Defendants deny the allegations in paragraph 77 of the Complaint.

78.   Defendants deny the allegations in paragraph 78 of the Complaint.

79.   Defendants deny the allegations in paragraph 79 of the Complaint.

80.   In responding to the paragraph 80 of the Complaint, Defendants specifically admit that the 2021 Redistricting Plan creates an American Indian majority-minority in District 2. Defendants deny the remaining allegations in paragraph 80 of the Complaint.

81.   In responding to paragraph 81 of the Complaint, Defendants specifically deny that "Navajo voters do not have an equal opportunity to elect their candidates of choice in District 2." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 81 of the Complaint.

82.   Defendants deny the allegations in paragraph 82 of the Complaint.

83.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 of the Complaint. Defendants further affirmatively state that the 2021 Redistricting Plan created two reasonably compact American Indian majority-minority districts.

84.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 of the Complaint and therefore deny.

  **c.  San Juan County Board of Commissioners Election History under the Previous Plan**

85.   Defendants admit the allegations in paragraph 85 of the Complaint.

86.   Defendants deny the allegations in paragraph 86 of the Complaint.

87.   Defendants deny the allegations in paragraph 87 of the Compliant, and affirmatively state that for many decades since 1982, there have been two commissioners who are Native Americans serving on the Board at the same time.

88.   In responding to paragraph 88 of the Complaint, Defendants admit that GloJean Todacheene was elected under the Previous Plan to be the commissioner from District 1. Defendants deny the remaining allegations in paragraph 88 of the Complaint.

89.   In responding to paragraph 89 of the Complaint, Defendants admit that the current Commissioners for the Board of Commissioners are Glo Jean Todacheene, Michael Sullivan, Steve Lanier, Terri Fortner and John Beckstead, and that they were all elected under the Previous Plan. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 89 of the Complaint.

90.   Defendants deny the allegations in paragraph 90 of the Complaint.

91.   Defendants deny the allegations in paragraph 91 of the Complaint.

92.   Defendants admit the allegations in paragraph 92 of the Complaint.

93.   Defendants admit the allegations in paragraph 93 of the Complaint.

94.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 of the Complaint.

95.   In responding to paragraph 95 of the Complaint, Defendants admit that "In the 2014 General Election, Ervin Chavez (Navajo) was defeated by Margaret McDaniel (Non-Hispanic White) for the District 2 seat on the Board of Commissioners." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 95 of the Complaint.

96.   In responding to paragraph 96 of the Complaint, Defendants admit that "In the 2018 General Election, Ervin Chavez (Navajo) and Lorenzo Bates (Navajo) were defeated by Michael Sullivan (Non-Hispanic White) for the District 2 seat on the Board of Commissioners." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 96 of the Complaint.

## V.   ALLEGED VOTE DILUTION UNDER THE 2021 REDISTRICTING PLAN

### a.   *Thornburg v. Gingles*

97.   Defendants affirmatively state that paragraph 97 of the Complaint states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided.

98.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 of the Complaint.

99.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 of the Complaint.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 of the Complaint.

### b.   Totality of the Circumstances

102. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 of the Complaint.

103. Defendants affirmatively state that paragraph 103 states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. Defendants deny the allegations in paragraph 103 of the Complaint to the extent they are inconsistent with

16

the legal conclusions referenced in *Trujillo v. Garley* and P.L. No. 68-175, 43 Stat. 253 (June 2, 1924) (codified at 8 U.S.C. § 1401(b)). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 103 of the Complaint.

104. Defendants affirmatively state that paragraph 104 states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. Defendants deny the allegations in paragraph 104 of the Complaint to the extent they misstate the holding of *Montoya v. Bolack*, 1962-NMSC-073, 70 N.M. 196.

105. Defendants affirmatively state that paragraph 105 states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. Defendants deny the allegations in paragraph 105 of the Complaint to the extent they misstate the holding of *Prince v. Bd. of Ed. of Cent. Consol. Indep. Sch. Dist. No. 22*, 1975-NMSC-068, ¶ 1, 88 N.M. 548.

106. Defendants affirmatively state that paragraph 106 states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. Defendants deny the allegations in paragraph 106 of the Complaint to the extent they misstate the holding of *Sanchez v. King*, C.A. No. 82-0067-M (D.N.M. 1984).

107. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 of the Complaint.

108. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 of the Complaint.

109. Defendants affirmatively state that paragraph 109 states legal conclusions that do not require a responsive pleading and those allegations are considered denied or avoided. Defendants deny the allegations in paragraph 109 of the Complaint to the extent they misstate the holding or

related settlement of *United States v. San Juan County*, No. 79-507-JB (D.N.M. settled Apr. 8, 1980).

110. Defendants deny the allegations in paragraph 110 of the Complaint.

111. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 of the Complaint.

112. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 of the Complaint and further state the referenced N.M. ADVISORY COMM. TO THE U.S. COMM'N ON CIV. RTS, THE FARMINGTON REPORT: A CONFLICT OF CULTURES (July 1975) speaks for itself.

113. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 of the Complaint and further state the referenced N.M. ADVISORY COMM. TO THE U.S. COMM'N ON CIV. RTS, THE FARMINGTON REPORT: CIVIL RIGHTS FOR NATIVE AMERICANS 30 YEARS LATER (Nov. 2005) speaks for itself.

114. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 of the Complaint and further state the referenced N.M. ADVISORY COMM. TO THE U.S. COMM'N ON CIV. RTS, THE FARMINGTON REPORT: CIVIL RIGHTS FOR NATIVE AMERICANS 30 YEARS LATER (Nov. 2005) speaks for itself.

115. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 of the Complaint and further state the referenced N.M. ADVISORY COMM. TO THE U.S. COMM'N ON CIV. RTS, THE FARMINGTON REPORT:

CIVIL RIGHTS FOR NATIVE AMERICANS 30 YEARS LATER (Nov. 2005) speaks for itself.

116. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 of the Complaint and further state the referenced N.M. ADVISORY COMM. TO THE U.S. COMM'N ON CIV. RTS, THE FARMINGTON REPORT: CIVIL RIGHTS FOR NATIVE AMERICANS 30 YEARS LATER (Nov. 2005) speaks for itself.

117. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 of the Complaint and further state the referenced NAVAJO HUM. RELATIONS COMM'N, ASSESSING RACE RELATIONS BETWEEN NAVAJOS AND NON-NAVAJOS 2008-2009: A REVIEW OF BORDER TOWN RACE RELATIONS (July 2010) speaks for itself.

118. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 of the Complaint.

119. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119 of the Complaint.

120. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 of the Complaint.

121. In responding to paragraph 121 of the Complaint, Defendants admit that in the 2018 election for the Commissioner for District 2, Michael Sullivan (Republican) received more votes than Ervin Chavez (Democrat) and Lorenzo Bates (Independent) separately, but Chavez and Bates combined votes totaled more than Sullivan's total votes. Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 121 of the Complaint.

**COUNT ONE:**
**ALLEGING VIOLATIONS OF SECTION 2 OF THE VOTING RIGHTS ACT OF 1965**

122. In response to paragraph 122 of the Complaint, Defendants repeat and restate each and every answer and response to paragraphs 1-121 of the Complaint as if fully set forth here.

123. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123 of the Complaint.

124. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 of the Complaint.

125. Defendants deny the allegations in paragraph 125 of the Complaint.

126. Defendants deny the allegations in paragraph 126 of the Complaint.

## VI.   AFFIRMATIVE DEFENSES

Defendants set forth affirmatively that:

A. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can or should be granted;

B. San Juan County Board of Commissioners, John Beckstead, Terri Fortner, Steve Lanier, Michael Sullivan, and GloJean Todacheene, and Tanya Shelby as County Clerk, are entitled to *qualified immunity*, *absolute legislative immunity* and/or *absolute legislative immunity*;

C. Plaintiffs' claims present a non-justiciable political question;

D. Plaintiffs' claims are barred in who or in part because they lack standing;

E. Plaintiffs' claims are barred by failure to include an indispensable party;

F.  Plaintiffs' claims are moot because they are based on election outcomes under districts as they existed before the 2021 Redistricting Plan;

G.  Plaintiffs' claims are barred because the 2021 Redistricting Plan creates two American Indian majority-minority districts in proportion with the VAP of American Indians in San Juan County;

H.  For the purpose of preserving all available affirmative defenses, Plaintiffs' claims may also be barred by unclean hands, accord and satisfaction, arbitration and award, duress, estoppel, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver;

I.  Defendants further reserve the right to amend their answer and affirmative defenses.

## VII.   PRAYER

Having fully answered Plaintiffs' Complaint, Defendants respectfully request the Court dismiss Plaintiffs Complaint, award Defendants their attorney fees and costs incurred in defending this action, and award such other relief as justice and equity require.

## VIII.   JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1), Defendants demand a jury trial.

Respectfully Submitted:

SAUCEDOCHAVEZ, P.C.

By: ___/s/ Brian Griesmeyer___
      Christopher T. Saucedo
      Brian Griesmeyer
 800 Lomas Blvd. NW, Suite 200
 Albuquerque, NM 87102
 (505) 338-3945
 csaucedo@saucedochavez.com
 bgriesmeyer@saucedochavez.com
 *Attorneys for Defendants*

21

I HEREBY CERTIFY that on March 7, 2022,
the foregoing was filed electronically through
the CM/ECF system, which caused all parties and
counsel to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing

*/s/ Brian Griesmeyer*
Brian Griesmeyer, Esq.